IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN HIGUERET,

        Petitioner,                        No. CIV S-11-2734 MCE GGH P

    vs.

E.G. BROWN, et al.

        Respondents.               FINDINGS and RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        On September 28, 2011, petitioner filed the instant petition with the United States District Court for the Northern District of California, and it was transferred to this court on October 17, 2011. Petitioner is currently incarcerated at High Desert State Prison following his 1979 conviction for murder. See Doc. No. 1, pp. 2, 43.[1] In March 2009, the California Board of Prison Terms found petitioner unsuitable for parole, and scheduled his next parole consideration hearing for three years after the 2009 denial. See id. at 3.

---

[1] Citations are to page numbers assigned by the court's CM/ECF system.

1

1    Petitioner raises the following challenges to the BPT's decision: (1) that petitioner
2 was arrested in 1978 (June 12, 1978 given as the date of the crime as well) and the sentencing
3 laws in effect at that time mandate that petitioner be released (see, e.g., Doc. No. 1 at p. 4 ,¶8; p.
4 19, ¶12); (2) that the BPT improperly evaluated petitioner's suitability for parole under
5 sentencing laws which did not go into effect until after petitioner's arrest (see, e.g., Doc. No. 1 at
6 p. 3, ¶¶5-6; p. 5, ¶¶10-11; p. 11, ¶ 2; p. 24, ¶2); and (3) that the BPT improperly denied
7 petitioner's parole for three years (see, e.g., p. 3, ¶5).  Petitioner seeks, inter alia, a declaratory
8 judgment and an injunction forcing the BPT to evaluate petitioner's parole under the appropriate
9 law and to set a release date.  See, e.g., Doc. No. 1 at p. 4, ¶7; p. 36, ¶¶1-3.

10   For the reasons outlined below, the petition is dismissed because it does not
11 present cognizable claims for relief, and no cognizable claim could be raised if leave to amend
12 were granted.  See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**DISCUSSION**

A.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  See Jarvis v. Nelson, 440 F.2d at 14.

\\\\

\\\\

\\\\

2

B.     Failure to State a Cognizable Claim

   Parole Suitability

Petitioner's first and second claims for relief are related. Plaintiff argues that, based on the law in effect at the time of his arrest, the BPT has incorrectly applied a "suitability" determination to his release calculation. See, e.g., Doc. No. 1 at p. 3, ¶6; p. 11, ¶2. Petitioner argues that "suitability" determinations are reserved for those prisoners sentenced under the "indeterminate" scheme in effect prior to his arrest. See, e.g., Doc. No. 1 at p.5, ¶11; p. 12, ¶3. Petitioner argues that, because he received a sentence under the determinate scheme, the BPT's continued use of suitability criteria essentially turns his sentence into one under the new scheme created by the Briggs Initiative, passed by California voters in 1978.[2] See, e.g., Doc. No. 1 at p. 5, ¶10; p. 11, ¶1, p. 26, ¶8.

Petitioner's arguments are factually incorrect. Under the Determinate Sentencing Act (DSA) in effect at the time of petitioner's arrest[3], a straight life sentence, as well as a sentence of some number of years to life, is an indeterminate sentence. See People v. Felix, 22 Cal. 4th 651, 657-59 (2000). Prisoners, like petitioner, sentenced to indeterminate terms under the DSA were to be released on parole if the BPT determined that release was appropriate. See, e.g., People v. Jefferson, 21 Cal. 4th 86, 92 (1999); In re Caswell, 92 Cal. App. 4th 1017, 1026 (2001) (Board is vested with exclusive authority to decide whether a life prisoner is suitable for parole).

Accordingly, the use of suitability criteria is not limited to those prisoners sentenced under the pre-1977 indeterminate sentencing scheme, or to those arrested after passage of the Briggs Act in 1978. See In re Stanworth, 33 Cal. 3d 176, 183 (1982) (under both

---

[2] The portion of the Briggs Initiative relevant to this petitioner changed the minimum sentence for life prisoners to twenty-five years.

[3] The effective date of the DSA was July 1, 1977, see People v. Escobar, 3 Cal. 4th 740, 747 (1992).

indeterminate and determinate sentencing rules, life prisoner must be found suitable for parole before parole date is set). Petitioner does not cite, and this court has not found, any authority that, under the DSA as initially enacted, life prisoners were entitled to automatic release upon completion of their minimum term. See In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005) ("As under prior law, life inmates' actual confinement periods within the statutory range are decided by [the BPT].")[4]

Ex Post Facto Claim

Petitioner's third claim for relief, that the BPT improperly denied petitioner's parole for three years, appears to be a challenge to the recent Marsy's Law. See, e.g., Doc. No. 1 at p. 3, ¶5. As such, it is foreclosed by the pending class action, Gillman v. Brown, CIV-S-05-0830 LKK GGH. The parameters of the Gilman class include petitioner. See "Order Amending Definitions of Certified Class," filed April 25, 2011, CIV-S-05-0830-LKK-GGH, Docket No. 340 ("As to Claim 8 (*ex post facto* challenge to Proposition 9 deferral provisions), the class is defined as 'all California state prisoners who have been sentenced to a life term with a possibility of parole for an offense that occurred before November 4, 2008.'")[5]

A member of a class action seeking equitable relief cannot raise those same claims in a separate equitable action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). See also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive relief from alleged unconstitutional prison conditions cannot be brought where there is an

---

[4] Petitioner does not appear to argue that the BPT's decision was not supported by some evidence in the record. However, to the extent petitioner challenges the sufficiency of the BPT's findings, the challenge appears to be foreclosed by the Supreme Court's decision in Swarthout v. Cook, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).

[5] Petitioner's claim may additionally be foreclosed by the Supreme Court's decision in California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S. Ct. 1597 (1995), where the Supreme Court decided that a 1981 amendment by the State of California, which allowed the BPT to decrease the frequency of parole suitability hearings under certain circumstances, did not violate the Ex Post Facto Clause when applied to prisoners who committed crimes prior to the amendment's enactment.

1  existing class action. To permit them would allow interference with the ongoing class action.");
2  Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) ("To allow individual suits would
3  interfere with the orderly administration of the class action and risk inconsistent adjudication.")
4  Indeed, "[a] district court has inherent power to choose among its broad arsenal of remedies
5  when confronted with situations where, as here, continued litigation of a matter would create
6  undue hardship on the litigating parties, or would improvidently circumscribe the actions of
7  another court handling a prior certified action." Crawford v. Bell, 599 F.2d at 892.
8  	Moreover, "increasing calendar congestion in the federal courts makes it
9  imperative to avoid concurrent litigation in more than one forum whenever consistent with the
10  rights of the parties. A court may choose not to exercise its jurisdiction when another court
11  having jurisdiction over the same matter has entertained it and can achieve the same result." Id.
12  at 893. Pursuant to the above authorities, petitioner's Ex Post Facto claim is thus precluded.
13  	Accordingly, IT IS HEREBY RECOMMENDED that:
14  	1.	Petitioner's September 30, 2011 motion to proceed in forma pauperis
15  		(Doc. No. 3) be denied as moot; and
16  	2.	The petition for writ of habeas corpus be dismissed pursuant to Rule 4 of
17  		the Rules Governing Section 2254 Cases.
18  	These findings and recommendations are submitted to the United States District
19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
20  days after being served with these findings and recommendations, plaintiff may file written
21  objections with the court. The document should be captioned "Objections to Magistrate Judge's
22  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
23  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
24  F.2d 1153 (9th Cir. 1991).
25  	If petitioner files objections, he shall also address if a certificate of appealability
26  should issue and, if so, as to which issues. A certificate of appealability may issue under 28

1  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

2  constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate

3  which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

4  DATED: December 13, 2011

5                                    /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

6  GGH:rb
   higu2734.